UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

ROBERT PETRO, JR., )
)
Plaintiff, )
)
v. ) No. 1:18-cv-02508-TWP-DML
)
THOR R. MILLER, )
)
Defendant. )

**Entry Dismissing Complaint and Directing Further Proceedings**

In this action, plaintiff Robert Petro, Jr., an inmate at Pendleton Correctional Facility, has sued Thor R. Miller, a member of the Indiana Parole Board. Mr. Petro alleges that he is entitled to money damages because during the course of his June 11, 2018, parole hearing Mr. Miller allegedly made unprofessional, personal, disrespectful and otherwise inappropriate comments about Mr. Petro in violation of Indiana Department of Correction's policies.

**I. Dismissal of Complaint**

"[C]ourts . . . have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). "When a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." *Id.* The Supreme Court has explained:

> The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. Section 1331 provides for "[f]ederal-question" jurisdiction, § 1332 for "[d]iversity of citizenship" jurisdiction. A plaintiff properly invokes § 1331 jurisdiction when she pleads a colorable claim "arising under" the Constitution or laws of the United States. *See Bell v. Hood*, 327 U.S. 678, 681–685, 66 S.Ct. 773, 90 L.Ed. 939 (1946). She invokes § 1332 jurisdiction when she presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000. See § 1332(a).

*Id.* at 513 (internal footnote omitted).

Further, the Court of Appeals has repeatedly held that "the party invoking federal jurisdiction bears the burden of demonstrating its existence." *See Hart v. FedEx Ground Pkg. Sys. Inc.*, 457 F.3d 675, 679 (7th Cir. 2006).

Here, there is no allegation of conduct which could support the existence of federal question jurisdiction. *See Williams v. Aztar Ind. Gaming Corp.*, 351 F.3d 294, 298 (7th Cir. 2003) (explaining federal courts may exercise federal-question jurisdiction when a plaintiff's right to relief is created by or depends on a federal statute or constitutional provision). Contrary to Mr. Petro's assertion, defamation is a state law (not federal) claim. There is also no allegation of diversity of citizenship. *See Denlinger v. Brennan*, 87 F.3d 214, 217 (7th Cir. 1996) (holding that failure to include allegations of citizenship requires dismissal of complaint based on diversity jurisdiction).

In addition, Mr. Miller enjoys absolute immunity for the conduct alleged. *Tobey v. Chibucos*, 890 F.3d 634, 650 (7th Cir. 2018) (*citing Smith v. Gomez*, 550 F.3d 613, 619 (7th Cir. 2008) (parole officer and supervisor entitled to absolute immunity for placing a "parole hold" on plaintiff); *Walrath v. United States*, 35 F.3d 277, 281 (7th Cir. 1994) (parole board members are absolutely immune from suit for their decision to grant, deny, or revoke parole); *Thompson v. Duke*, 882 F.2d 1180, 1184–85 (7th Cir. 1989) (parole board members are entitled to absolute immunity not only for the actual decision to revoke parole but also for activities that are part and parcel of the decision process, including scheduling a hearing); *Hamilton v. Daley*, 777 F.2d 1207, 1213 (7th Cir. 1985) (probation revocation is a criminal proceeding, and prosecutors are absolutely immune from suit for acts taken in initiating a probation revocation proceeding). Title 28 U.S.C.

§ 1915A requires a court to dismiss a complaint in which a prisoner seeks monetary relief from a governmental employee who is immune from such relief. That is the case here.

## II. Further Proceedings

The plaintiff's complaint must be dismissed for each of the reasons set forth above. The plaintiff shall have **through September 13, 2018,** in which to show cause why Judgment consistent with this Entry should not issue. *See Luevano v. Wal-Mart Stores, Inc.,* 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend.").

**IT IS SO ORDERED.**

Date: 8/16/2018

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

ROBERT PETRO, JR.
920659
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
PENDLETON, IN 46064